UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MCCORMICK         )<br>                           )<br>    PLAINTIFF,            )<br>                           )<br>v.                         )<br>                           )<br>                           )<br>                           )<br>RGL ASSOCIATES, INC,       )<br>                           )<br>    DEFENDANT.             ) | **CIVIL ACTION NUMBER:**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action brought by the Plaintiff, Matthew McCormick, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1692k (d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Matthew McCormick, ("Plaintiff" or "Consumer") is a resident and citizen of the state of Alabama, Calhoun County, and is over the age of twenty-one (21) years.

2. The Defendant, RGL Associates, Inc. ("RGL") is incorporated in Georgia with its principal office in the state of Georgia. The Defendant was, in all respects and at all times relevant herein, doing business in the State of Alabama and in this District. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Calhoun County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

3. Beginning in spring 2008, Defendant began efforts to collect a debt from Plaintiff allegedly owed to Jacksonville Medical Center.

4. The debt allegedly owed to Jacksonville Medical Center was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

5. In spring 2008, an agent/employee of RGL called the plaintiff at his place of employment, Anniston Car Audio, and engaged him in a communication in an attempt to collect a debt.

6. Plaintiff informed the agent/employee of RGL that he did not believe he was responsible for the alleged debt, and further, that he could not discuss the matter while he was at work because he managed the office by himself and was too busy dealing with customers, and as such, his employer did not allow him to discuss such personal business matters during business hours.

7. Despite being informed that being called at work was inconvenient to the plaintiff, as well as prohibited by his employer, agents/employees continued to call plaintiff at work on numerous subsequent occasions.

8. On one occasion, an agent/employee of RGL disguised her identity and represented herself as a potential customer of Anniston Car Audio, inquiring about car audio equipment. After answering her "unusual" inquiries for an excessive amount of time, plaintiff informed the caller that he had to end the call because he had many customers waiting for assistance. At that point the caller asked "Is this Matt?" and then identified herself as an agent/employee of RGL and demanded to discuss arrangements to settle the alleged debt.

9. At no point did Defendant provide Plaintiff with either an oral or written

notice of his validation rights as required by the FDCPA. Nor did defendant inform Plaintiff that defendant was "attempting to collect a debt and that any information obtained could be used for that purpose" as required by the FDCPA.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

10. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

11. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiffs' alleged consumer debt.

12. The Defendant violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt.

13. The Defendant violated § 1692c(1) by contacting the plaintiff at a place and time known by RGL to be inconvenient to the consumer.

14. The Defendant violated § 1692c(3) by contacting the plaintiff at his place of employment when RGL knew that plaintiff's employer prohibited him from receiving such communications.

15. The Defendant violated § 1692d by using harassment and/or abusive means to attempt to collect a debt.

16. The Defendant violated § 1692e by using false and/or misleading representations to attempt to collect a debt.

17. The Defendant violated § 1692g by failing to provide the consumer with notice of his right to request validation of the alleged debt.

18. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, embarrassment, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

19. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

20. The Defendant knew or should have known that their communications were inconvenient and prohibited and that the deceptive and harassing conduct set forth herein was directed at and visited upon the Plaintiff.

21. The Defendant knew or should have known that said conduct was improper.

22. Defendant RGL negligently failed to train and supervise collectors in order to prevent said improper conduct.

23. Defendant RGL negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

24. As a result of the Defendant's negligence, the Plaintiff suffered embarrassment, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

25. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

26. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

27. The Defendant knew or should have known that the said conduct was improper and illegal.

29. Defendant RGL recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

30. Defendant CCB recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumer.

31. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF THE RIGHT OF PRIVACY

32. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

33. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

34. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of RGL.

35. Said communications constitute the wrongful intrusion into her solitude and seclusion.

36. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§ 1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D.   Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k;

E.   Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, and Reckless and Wanton Training and Supervision; and,

F.   Such other and further relief that this Court deems necessary, just and proper.

/s/ W. Whitney Seals
W. Whitney Seals

Attorney for Plaintiff
**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

/s/ Michael W. Lindsey
Michael W. Lindsey

Attorney for Plaintiff
**OF COUNSEL:**
Lindsey Law Firm, LLC
One Perimeter Park South, Ste 330N
Birmingham, AL 35243
(205) 970-2233
(205) 278-8522 (facsimile)

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

RGL ASSOCIATES, INC.
C/O RUSSELL MCGILL
301 BROAD STREET
GADSDEN, AL  35901